Filed 5/25/21  P. v. Frazier CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090533 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE021712) |
| v. | |
| JAMES FRAZIER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Frazier filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant threatened a taxi driver with a knife and stole an electronic tablet from him.  Defendant was charged with one count of robbery (Pen. Code, § 212.5, subd. (a)).[1] It was further alleged that defendant personally used a deadly and dangerous weapon, specifically, a knife (§ 12022, subd. (b)(1)).  It was also alleged that defendant had a prior conviction for a violation of section 212.5, subdivision (c), a prior serious felony conviction within the meaning of sections 667, subdivisions (b)-(i) and 1170.12.

Defendant was tried by a jury in the instant case.  Prior to the trial, he waived his right to a jury trial on the prior conviction.  The jury found defendant guilty of first degree robbery.  The jury also found true the allegation that defendant personally used a deadly and dangerous weapon.  After the trial, the court found true that defendant had a prior conviction for a violation of section 212.5, subdivision (c).

The trial court sentenced defendant to an aggregate term of nine years in state prison, as follows:  the middle term of four years for the robbery, doubled for the prior strike offense under section 667, subdivision (e)(1), plus one year for the section 12022, subdivision (b)(1) enhancement.  The court imposed the mandatory minimum fines, ordering defendant to pay a court operations assessment of $40 (§ 1465.8), a conviction assessment of $30 (Gov. Code, § 70373), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45).

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to

---

[1]     Undesignated statutory references are to the Penal Code.

review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                         KRAUSE        , J.

We concur:

      RAYE        , P. J.

      DUARTE     , J.